Opinion by
Head, J.,
A brief statement of the record facts will make manifest that the learned judge below neither exceeded his power nor abused his discretion in striking off the judgment by default which the plaintiff had caused improvidently to be entered. The action is assumpsit; the summons issued April 11, 1910, and was served; the statement was not filed until November 12, 1910. Passing by some intermediate motions and orders, not now important, it appears that on December 12, 1910, the plaintiff was permitted to amend the statement previously filed and on the following day gave notice of the amendment and that judgment would be taken by default unless an affidavit of defense be filed within fifteen days. At the same time a rule on the defendants to plead was entered. The next day, December 14, the defendants entered the plea of non assumpsit. The case was thus put at issue by the action of the plaintiff himself. Nevertheless, on Decern *203 ber 21 the defendant filed an affidavit of defense. So the record stood until March 6, 1911, when the plaintiff obtained leave to again amend his declaration, and the same day filed a new statement of claim. This of course set up no new cause of action. On March 27, 1911, the plaintiff filed a prgecipe upon which the prothonotary entered judgment by default for want of a plea and affidavit of defense and liquidated the same at $1,350. The defendants then obtained a rule to show cause why this judgment should not be stricken off. An answer was filed, and on May 10,1911, an order was made striking off the judgment, and from this order the plaintiff appealed.
At the time the judgment by default was entered by the prothonotary there were standing upon the record both an affidavit of defense and a plea in bar. When the plaintiff saw fit to amend his declaration he could not thereby compel the defendants to again file another affidavit of defense. If the latter were of opinion that the affidavit, originally filed exhibited a good defense to the plaintiff’s action, there was nothing to prevent them standing upon it. If the plaintiff regarded it as insufficient, he might move for judgment for want of a sufficient affidavit of defense, just as he could have done originally, or just as if a second affidavit had been filed to the amended statement. The same is true of the plea originally entered. That plea was responsive to the cause of action set forth in the declaration and put the cause at issue. The defendants were not required to plead again each time the plaintiff saw fit to amend in some particular or other the statement of his cause of action.
It is clear then that the record exhibited no case for the entry of a judgment by default by the prothonotary for want of an affidavit of defense or plea. Moreover, the learned judge below, in his opinion filed, points out that when leave was given to the plaintiff, after the case was at issue, to amend his declaration, the defendants were entitled to notice, and that the record does not show any such notice or service. There can be no doubt of the cor *204 rectness of this statement in so far as the fact is to be ascertained by the record. But without discussing the effect of what the plaintiff’s counsel argue was notice at bar because leave to amend was given in open court, we have already sufficiently shown that the entry of judgment by default by the prothonotary was an improvident act. The learned judge below was therefore right in striking it off.
The appeal is dismissed at the costs of the plaintiff but without prejudice, etc.